Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
dgarrett@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiff Steven Buehler

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEVEN BUEHLER, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | 1.  Cal. Lab. Code § 203 Continuing Wages |
| NAKED GALLERY, INC., an Illinois Corporation; ZACHARY A. MOORE, an individual; CORY PROCTOR, an individual; and DOE 1 through and including DOE 10, | 2.  Cal. Lab. Code §§ 226.7, 512 and Wage Order, Failure to Provide Meal Breaks |
| Defendants. | 3.  Cal. Lab. Code § 226.7 and Wage Order, Failure to Provide Rest Breaks |
| | 4.  Cal. Lab. Code § 510, and 1194 Failure to Provide Pay Proper Overtime |
| | 5.  Cal. Lab. Code §§ 1194 and 1198 Failure to Provide Pay Proper Minimum Wages |
| | 6.  Cal. Lab. Code § 2802, Expenses |
| | 7.  Cal. Lab. Code § 226(b), Payroll Records |
| | 8.  Cal. Lab. Code § 1198.5, Payroll Records |
| | 9.  Cal. Bus & Prof. Code §§ 17200 *et seq.* – Restitution |
| | 10. Fair Labor Standards Act, 29 U.S.C. §.201 *et seq.* |
| | **JURY TRIAL DEMANDED** |

Plaintiff Steven Buehler ("Buehler" or "Plaintiff"), by and through his undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.    This is a collective action seeking unpaid wages, damages, statutory penalties and attorneys' fees and costs.

2.    Venue as to Defendants is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5.  Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Cfourt for purposes of service of process.  The violations of the FLSA alleged herein had a direct effect on and were committed within the State of California, impacting Plaintiff and other similarly situated employees.

3.    With respect to the California state law claims here, Emergency Rule 9 as promulgated by the Judicial Council of California provides:  "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  The Advisory Committee Comment notes that:  "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action."

## THE PARTIES

4.    Plaintiff Buehler is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

5.    Naked Gallery, Inc. ("NGI") is an Illinois Corporation, which at all times relevant herein, conducted business within the County of Los Angeles, State of California, and was responsible for the motion picture production of a music video entitled "Bad Decisions" by artist Bobi Andonov ("hereinafter the Production").

6.    Defendant Zachary A. Moore ("Moore") is an owner, Secretary and COO of NGI and at all relevant times resided in the County of Los Angeles.

7.    Defendant Cory Proctor ("Proctor") is an owner, President and CEO of NGI and upon information and belief, at all relevant times resided in the County of Los Angeles.

8.      Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained.  Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named Defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles of the State of California.

9.      Defendants NGI, Moore, Proctor and Does One through and including Doe Ten are collectively referred to as Defendants. Defendants are "temporary services employers" as defined by Code § 201.3 and required to pay workers no less frequently than weekly.

10.      Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations

## **GENERAL ALLEGATIONS**

11.      Defendants employed Plaintiff as a crew member on the Production on or about approximately September 5, 2019. Defendants offered to compensate Plaintiff at a flate "rate" of pay of either $500 for a day of of work. Defendants improperly classified Plaintiff and Collective Action Members as independent contractors. Plaintiff was not paid for all hours worked and was not paid for all overtime hours worked at the correct rate. Biggs v. Wilson, 1 F.3d 1537 (1993). When Plaintiff ceased working for Defendants, Plaintiff was paid late.

12.      At all relevant times mentioned herein, Wage Order 12 (Motion Picture Industry) of the California Industrial Welfare Commission applied to Plaintiff and Collective Action Members.  In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time pay,

records, meal periods and rest periods (obligations which the employer, here, failed to fulfill, both with

respect to Plaintiff and Collective Action Members).  The Wage Order provides, in relevant part:

**3. Hours and Days of Work.**

(A) Daily Overtime-General Provisions

(1) The following overtime provisions are applicable to employees eighteen (18) years of age or over and to employees sixteen (16) or seventeen (17) years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime as follows:

(a) Employees may be employed up to a maximum of sixteen (16) hours including meal periods in any one day from the time they are required and do report until dismissed, provided the employee is compensated for such overtime at not less than:

(1) For daily employees and weekly employees, excluding weekly employees guaranteed more than forty (40) hours a workweek and "on call" employees, one and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any one workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday, , and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(3) Overtime payments shall not be compounded and all payments made by the employer for daily overtime on the basis herein above specified shall be applied toward any sum for weekly overtime.

(4) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

. . .

**7. Records.**

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

. . .

**11. <u>Meal Periods.</u>**

(A) No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period.

(B) Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of

pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(D) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

**12. Rest Periods.**

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

(C) Swimmers, dancers, skaters, and other performers engaged in strenuous physical activities shall have additional interim rest periods during periods of actual rehearsal or shooting.

Cal. Code of Regs., tit. 8, § 11120 ("Wage Order").

13.     At all times relevant herein, section 201.5 of the California Labor Code (the "Code") provided in part:

(a) For purposes of this section, the following definitions apply:
(1) "An employee engaged in the production or broadcasting of motion pictures" means an employee to whom both of the following apply:
(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.
(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project, or is hired on the basis of one or more daily or weekly calls.
(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.
(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.
(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or any other moving images,

including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination by the next regular payday.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or performed labor. The payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee or made available to the employee at the location specified by the employer, whichever is earlier.

(d) For purposes of this section, an employment terminates when the employment relationship ends, whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise.

(e) Nothing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204.

Code § 201.5.

14.     Defendants employed individuals such as Plaintiff and similarly situated Collective Action Members to work on the production on motion pictures, yet Defendants failed to timely or fully pay them, all in violation, inter alia, of Code sections 201, 201.3 202, 201.5, 204 and/or 204b.

15.     At all relevant times mentioned herein, section 201 of the Code provided in part:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

Code § 201.

16.     At all relevant times mentioned herein, section 202 of the Code provided in part:

(a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

Code § 202.

17.     At all relevant times mentioned herein, section 203 of the Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not

continue for more than 30 days.

Code § 203. By failing to pay Plaintiff and similarly situated Collective Action Members all wages when due at termination, Plaintiff and Collective Action Members are entitled to continuing wages pursuant to section 203 of the California Labor Code.

18. At all times relevant herein, section 204 of the California Labor Code provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

19. At all times relevant herein, section 204b of the California Labor Code provided in part:

Section 204 shall be inapplicable to employees paid on a weekly basis on a regular day designated by the employer in advance of the rendition of services as the regular payday.

Labor performed by a weekly-paid employee during any calendar week and prior to or on the regular payday shall be paid for not later than the regular payday of the employer for such weekly-paid employee falling during the following calendar week.

Labor performed by a weekly-paid employee during any calendar week and subsequent to the regular payday shall be paid for not later than seven days after the regular payday of the employer for such weekly-paid employee falling during the following calendar week.

Cal. Lab. Code § 204b.

20. In no event should Plaintiff or Collective Action Members have been paid later than the time periods established by sections 201, 202, 201.3, 201.5, 204 and/or 204b of the California Labor Code, but certain payments were not made in a timely fashion, all leading to penalties under sections 203, 204 and/or 204b of the California Labor Code.

21. At all times relevant herein, section 210 of the California Labor Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the

amount unlawfully withheld.

Cal. Lab. Code § 210. Further, the Defendants' policy has been to devote insufficient resources to the payroll accounting function, with the inevitable result that employees are routinely paid in tardy fashion, in violation of sections 203, 204 and/or 204b of the Code, and otherwise in violation of the Code.

22.     Labor Code sections 226.7, 512 and Section 12 of the Wage Order require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Section 12 requires that "No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period."

23.     Here, Defendants failed to apprise all Collective Action Members of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1) requiring all similarly situated employees to take late meal breaks that occurred after the first 6 hours of each shift; (2) requiring similarly situated employees to work shifts over 12 hours without providing a second meal period of 30 minutes in length; and (3) failing to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided. On the dates that Plaintiff worked, he was not provided compliant meal or rest breaks because he and others were required to be available, responsive and to keep walkie talkies, radios and/or cell phones on their persons, turned on and audible at all times, including during their rest periods and meal breaks and/or they were precluded from leaving the set and its immediate environs during any purported breaks. At all relevant times mentioned herein, section 226.7 of the California Labor Code provided:

(a)  As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.

(b)  An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety

and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Lab. Code § 226.7.

24.    At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510.

25.    Plaintiff and certain Collective Action Members were not timely paid proper overtime wages to which they were entitled in violation of the FLSA Code §§ 510, 515 and 1194.  Both late payment and nonpayment of overtime wages for all hours worked violates the overtime wage statute. Defendants are also subject to the civil penalties for which provision is made in Code § 558 by failing to pay Collective Action Members their overtime wages.

26.    Prior to 2013, section 515(d) of the Code provided:

For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

Code § 515(d).  Thereafter, the State Legislature enacted A.B. 2103 to amend section 515 to expressly overturn Arechiga v. Dolores Press, Inc., 192 Cal. App. 4th 567, 571 (2011), which upheld an agreement in which the employee agreed to work 66 hours per week for a weekly salary of $880.  AB 2103, which took effect on January 1, 2013 added section 515(d)(2), which clarifies and conforms the statute to the interpretation that the Department of Labor Standards Enforcement had always used prior to 2013 and provides:

Payment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary.

According to the California Supreme Court, a daily wage rate is "deemed to provide compensation only for the employee's regular, nonovertime hours" too.  Alvarado v. Dart Container Corp. of Cal., 4 Cal. 5th 542, 564–65 (2018), as modified (Apr. 25, 2018) ("the Legislature expressly endorsed the principle that flat sum nonhourly compensation should be factored into an employee's regular rate of pay by dividing the flat sum by the number of nonovertime hours that exist in the relevant period, and that the flat sum compensates the worker for only nonovertime hours worked.")  Here, Plaintiff's agreement for $500 for a 12-hour day actually amounts to a regular rate of $62.50 per hour and overtime at a rate of $93.75 per hour.  Here, Defendants failed to pay Plaintiff and Collective Action Members with similar wage agreements the correct regular and overtime rate.

27.    At all relevant times mentioned herein, section 1194 of the Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Code § 1194.

28.    At all relevant times mentioned herein, section 2802 of the California Labor Code provided in part:

(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
(b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802. Defendants failed to reimburse Plaintiff and Collective Action Members similarly situated employees for necessary business expenses incurred in the performance of their duties, such as for the use of a personal cell phone and for motion picture production equipment and supplies.

29.    At all relevant times mentioned herein, section 558 of the California Labor Code

provided:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558.  Defendants are the employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California Labor Code referenced herein.

30.     At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated,  any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code § 558.1.  Defendants are the joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein.  Defendants directly and/or indirectly controlled the Plaintiff and Collective Action Members' wages, working conditions and hours.  Defendants and/or Defendants' personnel were either on the set of the Production and actively participated or supervised the Production through remote means.

## COLLECTIVE-ACTION ALLEGATIONS

31.     Plaintiff seeks to represent all nonexempt employees who worked for Defendant NGI in California in the production of motion pictures during the period beginning no earlier than three years prior to the filing hereof to the mailing of the FLSA Opt-In Notice (such persons are referred to hereafter as "Collective Action Members.").

32.     Plaintiff is similarly situated to the Collective Action Members in that Plaintiff and the Collective Action Members were employed by Defendant and in that Defendant did not pay Plaintiff and the Collective Action Members their overtime and/or minimum wages when due. Plaintiff's consent to an FLSA collective action is attached hereto as **Exhibit 1.**

33.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

34.     All Collective Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

35.     This action has been brought and may be properly maintained as a Collective Action under the provisions of the FLSA because there is a well-defined community of interest in the litigation and the identity of the members of the proposed Collective Action group is easily ascertainable.

36.     Defendants, as to Plaintiff and Collective Action Members, failed to comply with the FLSA and, accordingly, Defendants' failure to make timely payment entitles Plaintiff and each Collective Action Member to statutory damages and/or liquidated damages.

## FIRST CAUSE OF ACTION
(Continuing Wages, California Labor Code §§ 201, 202, 201.3, 201.5, 203
On Behalf of Plaintiff and the Collective Action Members Against All Defendants)

37.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

38.     Defendants employed Plaintiff and Collective Action Members. Plaintiff and Collective Action Members were not paid all wages accrued upon separation from employment.

39.     Defendants' failure to compensate Plaintiff and Collective Action Members within the time for which provision is made by section 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

40.     Pursuant to section 203 of the California Labor code, Plaintiff and Collective Action Members are entitled to continuing wages from Defendants in an amount according to proof, of at least

$500,000.  Plaintiff and Collective Action Members are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

**SECOND CAUSE OF ACTION**
(Failure to Provide Meal Breaks, Cal. Lab. Code §§ 226.7 and 512 and Wage Order On Behalf of Plaintiff and the Collective Action Members Against Defendants)

41.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

42.     At all times herein relevant, sections 226.7 and 512 of the California Labor Code and the IWC Wage Order provided that that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than six hours and a second thirty minute meal period after no less than six hours after the termination of the preceding meal period.  By its failure to provide minimum statutory meal periods to Plaintiff and Collective Action Members, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, and IWC Wage Order.

43.     Defendants failed to apprise Plaintiff and Collective Action Members of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1) requiring all workers to take late meal breaks that occurred after the first 6 hours of each shift; (2) required Collective Action Members to work shifts over 12 hours without providing a second meal period of 30 minutes in length; and (3) failed to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided. Plaintiff and Collective Action Members were not permitted to leave the set of the production for meal periods. On the days that Plaintiff worked, he did not receive meal and rest breaks that were timely and uninterrupted

44.     Because Defendants failed to properly provide the proper meal periods, it is liable to Plaintiff and Collective Action Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

45.     As a result of the unlawful acts of Defendants, Plaintiff and Collective Action Members have been deprived of premium wages, and/or other compensation in amounts to be determined at trial, of at least $20,000 and are entitled to recovery of such amounts, plus interest thereon, and costs.

## THIRD CAUSE OF ACTION
(Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 and IWC Wage Order )
On Behalf of Plaintiff and the Collective Action Members Against Defendants)

46.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

47.     At all times herein relevant, sections 226.7 of the California Labor Code and IWC Wage Order 12 provided that employees must receive rest periods of  at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

48.     By its failure to provide required breaks to Plaintiff and Collective Action Members, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Order 1.

49.     Plaintiff and Collective Action Members were not permitted to leave the set of the Production for any purported rest periods. They were required to be available via radio or cell phone at all times.

50.     Because Defendants failed to properly provide the proper rest breaks, it is liable to Plaintiff and Collective Action Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest breaks were not provided, pursuant to Labor Code section 226.7 and IWC Wage Order.

51.     As a result of the unlawful acts of Defendants, Plaintiff and Collective Action Members have been deprived of premium wages, and/or other compensation in amounts to be determined at trial, of at least $20,000 and are entitled to recovery of such amounts, plus interest thereon, fees, and costs.

## FOURTH CAUSE OF ACTION
(Damages for Unpaid Overtime Compensation,
California Labor Code §§ 510, 515, and 1194
On Behalf of Plaintiff and the Collective Action Members Against All Defendants)

52.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

53.     During Plaintiff's employment by Defendants, Plaintiff, as well as Collective Action Members, worked many hours, including overtime, without proper compensation for work performed, as required by law.

54.     Plaintiff and Collective Action Members are entitled to recover such unpaid overtime under section 1194 of the California Labor Code in an amount according to proof, of at least $50,000. Plaintiff and Collective Action Members are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

**FIFTH CAUSE OF ACTION**
(Damages for Unpaid Minimum Wages,
California Labor Code §§ 1194, 1194.2 and 1198
On Behalf of Plaintiff and the Collective Action Members Against All Defendants)

55.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

56.     Plaintiff and the Collective Action Members**,** worked many hours for Defendants, without compensation for work performed, as required by law. Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage.

57.     Plaintiff and Collective Action Members are entitled to recover liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof, of not less than $50,000. Plaintiff and Collective Action Members are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

**SIXTH CAUSE OF ACTION**
(Failure to Reimburse Necessary Expenses, Cal. Lab. Code §2802
On Behalf of Plaintiff and the Collective Action Members Against All Defendants)

58.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

59.     In discharge of their duties, Defendants required Plaintiff and Collective Action Members to make purchases and/or rent equipment for their work on the set of a motion picture production. Plaintiff and Collective Action Members were required to use their personal cellphones but were not reimbursed for such use.

60.     Pursuant to section 2802 of the Labor Code, Plaintiff and Collective Action Members are entitled to reimbursement of their out-of-pocket expenses from Defendants and damages, of at least $20,000, in addition to interest thereon, attorney's fees and costs.

## SEVENTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 226(b)
On Behalf of Plaintiff and Collective Action Members Against All Defendants)

61.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

62.     Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

63.     On several dates including dates in April and/or May of 2020, Plaintiff and several Collective Action Members requested that Defendants permit inspection or copying of employment records pursuant to Labor Code section 226(b).  Defendants failed to provide employment records within 21 days of the requests.

64.     Pursuant to Labor Code Section 226(b) and (f), Plaintiff and Collective Action Members are entitled, and hereby seek to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, each, totaling at least $25,000, reasonable attorney's fees, and the costs of bringing this cause of action.

## EIGHTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 1198.5
On Behalf of Plaintiff and Collective Action Members Against All Defendants)

65.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

66.     Pursuant to Labor Code section 1198.5, an employer shall make the contents of an employee's personnel records available for inspection.

67.     On several dates including dates in April and/or May of 2020, Plaintiff and several Collective Action Members requested that Defendants permit inspection or copying of the personnel records pursuant to Labor Code section 1198.5.  Defendants have failed to provide an opportunity to inspect or copy the employment records within 30 days of the request.

68.     Pursuant to Labor Code Section 1198.5(k), Plaintiff and Collective Action Members are entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, each, totaling at least $25,000, reasonable attorney's fees, and the costs of bringing this cause of action.

### NINTH CAUSE OF ACTION
(Unfair Business Practices Business and Professions Code section 17200 *et seq.*
On Behalf of Plaintiff and Collective Action Members Against Defendants)

69.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

70.     Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff alleges that Defendants engaged in unfair business practices in California by the above-described failure to timely pay all wages due including overtime wages.

71.     Defendants' violation of California wage and hour laws as herein articulated constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Collective Action Members.

72.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Collective Action Members and members of the public. Defendants should be made to disgorge its ill-gotten gains (at least $50,000) and to restore them to Plaintiff and Collective Action Members**.**

73.     The actions of Defendants entitle Plaintiff to seek the remedies available under section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein. Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

### TENTH CAUSE OF ACTION

(Fair Labor Standards Act On Behalf of Plaintiff and Collective
Action Members Against All Defendants)

74.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

75.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are employers engaged in an enterprise in interstate commerce pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

76.     Plaintiff was not timely paid his wages. Plaintiff and Collective Action Members worked many hours each day during their employment as herein alleged.

77.     Under the FLSA, Plaintiff and Collective Action Members are entitled to recover from Defendants their liquidated damages for hours worked, as well as costs and attorney's fees.

78.     Defendants failed to compensate Plaintiff and Collective Action Members  as required by the FLSA.

79.     Defendants' violations were willful and intentional.

80.     Plaintiff and Collective Action Members are entitled to damages for unpaid wages and/or the associated liquidated damages in an amount to be proven at trial, of at least $75,000.

81.     Plaintiff  brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party."  29 U.S.C. § 216(b). On information and belief, none were timely paid all wages as required by section 203 of the California Labor Code.


**WHEREFORE**, Plaintiff prays judgment as follows:

1.     That the Court certify a Collective Action.

2.     That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Collective Action Members' wages was in violation of section 201, 202, 201.3, 201.5, 203, 204 and/or 204b of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants

in favor of Plaintiff and Collective Action Members. That judgment be entered in favor of Plaintiff, and Collective Action Members, of not less than $500,000,in an amount prescribed by section 203 of the California Labor Code, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

3.     That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members and award them their damages, penalties, and costs of suit, all according to proof, of no less than $20,000, pursuant to section 218.5 and other relevant sections of the Labor Code.

4.     That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members and award them their damages, penalties, and costs of suit, all according to proof, of no less than $50,000, pursuant to section 218.5 and other relevant sections of the Labor Code.

5.     That, under the Fourth Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members in the amount of unpaid overtime wages according to proof, including interest thereon, reasonable attorneys' fees and cost of suit, and enter judgment against Defendants in the amount of damages according to proof, of no less than $50,000, interest thereon, reasonable attorneys' fees and cost of suit.

6.     That, under the Fifth Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members and award them their damages, penalties, liquidated damages, reasonable attorney's fees and costs of suit, all according to proof, of no less than $50,000, pursuant to section 218.5, 1194, 1194.2 and other relevant sections of the Labor Code.

7.     That, with respect to the Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members against all Defendants in an amount according to proof, of no less than $20,000, interest thereon, costs and reasonable attorney's fees in accordance California Labor Code section 2802(c).

8.     That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members against Defendants of no less than $25,000, reasonable attorney's fees, and the costs of bringing this cause of action under Labor Code Section 226(b) and (f).

9.     That, with respect to the Eighth Cause of Action, this Court enter judgment in favor of

Plaintiff and Collective Action Members against Defendants of no less than $25,000, reasonable attorney's fees, and the costs of bringing this cause of action pursuant to Labor Code Section 1198.5(k).

10.    That, under the Ninth Cause of Action, it be adjudged that Defendants' violations of the applicable Wage Order and above cited sections of the California Labor Code, and violated section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendants to pay restitution with interest to Plaintiff and Collective Action Members, of no less than $75,000.  Finally, Plaintiff requests that the Court award Plaintiff's reasonable attorneys' fees and costs, pursuant to section 218.5 of the Labor Code and section 1021.5 of the California Code of Civil Procedure.

11.    That, with respect to the Tenth Cause of Action this Court enter judgment in favor of Plaintiff and Collective Action Members against Defendants in an amount according to proof, of no less than $75,000, for unpaid wages and liquidated damages, not including interest thereon, costs and reasonable attorney's fees.

12.    For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED:  March 24, 2022                                HARRIS & RUBLE

                                                      *Alan Harris*

                                                      Alan Harris
                                                      *Attorney for Plaintiff*

# INDEX OF EXHIBITS

**Exhibit 1** – Plaintiff's FLSA Opt-In